[No. 7,423.—Department One.]

THOMAS SCOTLAND v. EAST BRANCH MINING
COMPANY ET AL.

PARTY—APPEAL.—A party named as one of the defendants in the complaint
cannot appeal from the judgment entered in the action, unless the judgment
is against him.

APPEAL from a judgment for the plaintiff, and from an order refusing to set aside a default, in the Twenty-first District Court, County of Plumas.   CLOUGH, J.

The action was brought to foreclose a lien for labor done at the request of the defendant, the East Branch Mining Company, upon a mining claim alleged to belong to said defendant. It was alleged, that the defendants Crittenden and Smith had or claimed some interest in the mining claim, and that the same was subject to the lien. The decree recited, that the defaults of the defendants Crittenden and Smith had been duly entered, but did not give any specific relief against them. The decree directed the property to be sold to satisfy the demand of the plaintiff. There was no dismissal entered as to defendants Crittenden and Smith.

*James L. Crittenden*, and *M. T. Moses*, and *E. T. Hogan*, for Appellant.

The complaint showed that defendants had a claim upon said mining property, and the Court had ordered their default to be entered.

The judgment necessarily affected their rights injuriously, by ordering the sale of the property to which they had a claim, and directing the proceeds of said sale to be applied to the satisfaction of plaintiff's claim.

*W. W. Kellogg*, and *John C. Hall*, for Respondent.

No judgment was rendered against either Smith or Crittenden. Neither is mentioned in the decree.

It is clear that the appellants had no cause of complaint, inasmuch as the decree neither cuts off nor makes mention of their interests. They, whatever they may be, are entirely unimpaired

by the judgment. They remain the same as if it never had been rendered. The decree simply provides for selling the property covered by the lien, but does not attempt to extinguish or foreclose the interests of Smith or Crittenden. Their rights remain uninjured. Neither is a "party aggrieved." (§ 938, Code Civ. Proc.)

The test as to whether or not one is a "party aggrieved," and hence entitled to appeal, has been thus formulated:

"Would the party have had the thing if the erroneous judgment had not been given?" (*Adams* v. *Woods*, 8 Cal. 315.)

By the COURT:

In this cause an appeal from the judgment is prosecuted by defendants Smith and Crittenden, against whom no judgment had been rendered. The appeal is therefore prematurely taken, and should be dismissed.

There is also an appeal by Crittenden from an order refusing to set aside a judgment by default against him.

There having been no judgment against him, this appeal is also prematurely taken.

The appeals are therefore dismissed.