[No. 12464.   Department One. — June 12, 1890.]

HOME FOR THE CARE OF INEBRIATES, A COR-PORATION, RESPONDENT, *v.* LOUIS KAPLAN, APPEL-LANT.

PREMATURE APPEAL—DISMISSAL. — An appeal taken before the judgment is entered of record is premature, and must be dismissed.

ID. — EFFECT OF ABORTIVE APPEAL. — An appeal taken prematurely, or in any other than the prescribed mode, is abortive, and leaves the cause in the court below as undisturbed as though no attempt had been made to remove it to this court.

ID. — MANDAMUS — VOID SUBSTITUTION OF SUCCESSOR IN OFFICE. — When a *mandamus* proceeding against an officer has been prematurely appealed,

an *ex parte* order substituting the successor in office of the appellant made by this court inadvertently is invalid, and must fall with the futile appeal, for want of a case to support it.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*George Flournoy, Jr.*, for Appellant.

*David McClure*, and *Tilden & Tilden*, for Respondent.

GIBSON, C. — In this proceeding, the plaintiff corporation obtained a judgment awarding it a peremptory writ of mandate against the defendant, Kaplan, as clerk of the police judge's court No. 2 of the city and county of San Francisco, commanding him, as such clerk, to pay to plaintiff the sum of $455, received by him for fines and forfeitures collected in said court during June and July, 1887, from persons arrested for being drunk or under the influence of liquor. This judgment was rendered on the twenty-fifth day of October, 1887, but was not entered of record until the twenty-seventh day of the same month. On the same day that the judgment was rendered, which, it will be observed, was two days before the entry of it, the defendant perfected this appeal from it.

On the 29th of August, 1889, upon the *ex parte* suggestion of the respondent's counsel of the death of Louis Kaplan, the appellant, and also that Francis Doran had been duly appointed and had qualified as his successor in office, being made in this court, an order was made substituting Doran as the defendant and appellant herein instead of the deceased Kaplan. September 3, 1889, upon proper notice to counsel of record for the deceased, Kaplan, respondent moved to dismiss the appeal, on the ground that it was prematurely taken. At the same time Doran appeared by his counsel and made a motion to

set aside the *ex parte* order of substitution, on several different grounds, not necessary to particularize.

The motion to dismiss the appeal is not opposed by Doran, but the respondent contends that the order substituting Doran for Kaplan should be permitted to stand, and the case remanded, with Doran as defendant instead of Kaplan. But, as we shall endeavor to show, the *ex parte* order of substitution was inadvertently made, and is invalid, and will, in effect, be set aside by the dismissal of the appeal.

It is provided, by section 939 of the Code of Civil Procedure, that an appeal may be taken from a final judgment within one year after such judgment is *entered.* And since that section went into effect, which changed the previous rule, found in section 336 of the Practice Act, under which an appeal might be taken from a final judgment within one year after the *rendition* of the judgment, this court has uniformly held that an appeal taken before the judgment is entered of record (see Code Civ. Proc., sec. 668) is premature, and must be dismissed. (*McLaughlin* v. *Doherty,* 54 Cal. 519; *Preston* v. *Hearst,* 54 Cal. 595; *Thomas* v. *Anderson,* 55 Cal. 43; *People* v. *Center,* 66 Cal. 551; *Scotland* v. *East Branch M. Co.,* 56 Cal. 625; see Hayne on New Trial and Appeal, sec. 183.)

This court, under section 936 of the Code of Civil Procedure, can review a judgment or order in a civil proceeding, which is not expressly made final by such code, only when it is brought up on an appeal pursuant to title 13 of the same code, of which title section 939, above referred to, is a part. (*McLaughlin* v. *Doherty,* 54 Cal. 519.) Therefore, when an appeal is taken in any other than the prescribed mode, it is abortive, and does not succeed in bringing the case here, but leaves it in the court below as undisturbed as though no attempt had been made to remove it to this court.

Now, in the present instance, as the futile appeal did not remove the case from the superior court, there was

no case here when the order of substitution was made; hence it must fall for want of a case to support it.

We therefore advise that the appeal be dismissed.

VANCLIEF, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the appeal is dismissed.