MORE v. MILLER et al.*

SAME v. MORE—No. 1104.

S. F. No. 897; July 21, 1898.

53 Pac. 1077.

**Appeal.—Time for Appeal by Interveners Commences** to run from time complaint in intervention is stricken out for want of interest, not from time of judgment between original parties.[1]

**Administrators.—Judgment Against One as Administrator is** invalid, he having been removed after submission of the cause, but before judgment, notwithstanding pendency of his appeal from order of removal. It may, however, be entered against him nunc pro tunc, as of the date of submission.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Action by H. Clifford More, administrator of Lawrence W. More, deceased, against John F. More, administrator of Alexander P. More, deceased. Eliza M. Miller, afterward made special administratrix of Alexander P. More, deceased, and C. A. Baldwin, intervened. From order dismissing complaint in intervention, and from judgment for plaintiff against original defendant, interveners appeal. From order vacating said judgment, plaintiff appeals. Interveners' appeal dismissed. Order affirmed on plaintiff's appeal.

Whitcomb & Boyle for plaintiff; Thos. McNulta, A. G. Eells and J. B. Mhoon for interveners.

BELCHER, C.—H. Clifford More, as administrator of the estate of Lawrence W. More, deceased, duly presented to John F. More, as administrator of the estate of Alexander P. More, deceased, a claim for allowance, amounting to the sum of $13,670.14. The claim was at first allowed in part by the administrator and the probate judge, but thereafter the allowance was revoked and recalled by both the admin-

---

*Appeal dismissed. See 129 Cal. xviii. For opinion on rehearing, see post, p. 110.

1 Cited in Pedley v. Werdin, 7 Cal. Unrep. 360, 99 Pac. 975, as authority, with other cases, for the rule that "an appeal taken before the judgment is entered of record is premature and must be dismissed."

istrator and the judge, and the claim entirely rejected. Thereupon this action was brought to establish the claim, as provided in section 1498 of the Code of Civil Procedure. The defendant administrator answered the complaint, and within proper time Eliza M. Miller and C. A. Baldwin, by leave of the court, filed a complaint in intervention, alleging that Alexander P. More died intestate on October 21, 1893, leaving an estate, consisting principally of land, of the value of more than $500,000; that the interveners were sisters of the decedent and his heirs at law, and upon his death became, and ever since had been, seised in fee and possessed of the said landed estate; and denying that any sum of money whatever was due or owing from the said estate to the plaintiff. Subsequently, on motion of the attorney for the plaintiff, the court made an order "that the order made herein allowing said Baldwin and Miller to file their complaint in intervention be, and hereby is, vacated and set aside, and that said complaint be, and hereby is, stricken out and dismissed." This order was based upon the ground that it did not appear that the interveners had any interest in the matter in litigation in said action, or in the success of either of the parties thereto, or an interest against both. It was dated October 31, 1895, and a copy thereof was served on the attorney for the interveners on November 5, 1895. The case was afterward tried, and on May 29, 1896, submitted for decision. On December 16, 1896, findings were filed, and on January 15, 1897, judgment thereon was entered that the plaintiff "do have and recover from said John F. More, as the administrator of the estate of Alexander P. More, deceased, or his successor as administrator of said estate," the sum set forth in his rejected claim and demanded in his complaint, with interest and costs of suit. From this judgment and the order dismissing their complaint in intervention the interveners served and filed notice of appeal on February 15, 1897, being the appeal designated No. 897. Thereafter, on April 2, 1897, the attorneys for John F. More, as administrator, and for Eliza M. Miller, as special administratrix, of the estate of A. P. More, deceased, after due notice, moved the court to vacate and set aside the said decision and judgment upon the ground that both said decision and judgment were inadvertently and improvidently made by the court, in that they were made and

entered against said John F. More, as administrator of the estate of Alexander P. More, deceased, payable in due course of administration, whereas at the time and times when each and both were so made and entered as aforesaid the said John F. More had ceased to be such administrator, his letters of administration having been revoked and annulled by an order of said court duly given and made in the matter of the estate of Alexander P. More on the twenty-first day of September, 1896. At the hearing of the motion, by agreement by and between the attorneys for the moving parties and the plaintiff, entered upon the minutes of the court, it was admitted "that upon proceedings duly had and taken in the said superior court . . . . in the matter of the estate of Alexander P. More, deceased, . . . . then and now pending in said superior court, and by orders duly given and made by said court in said matter, the powers of the said administrator of said estate, John F. More, defendant herein, were on the first day of June, 1896, suspended until the further order of the said court; that said Eliza M. Miller was on the fourth day of June, 1896, appointed special administratrix of the said estate; and that by an order of the said superior court in said matter, made and dated on the twenty-first day of September, 1896, it was ordered that the letters of administration issued to the said John F. More by said court, and dated February 12, 1894, be revoked and annulled, and that the said John F. More be restrained from further exercising any of the rights or duties as such administrator; and that said John F. More, as such administrator and individually, thereafter, on the twentieth day of November, 1896, duly and regularly took and perfected appeals to the supreme court of the state of California from said order, and from the whole thereof, and that said appeals are now pending and undecided in said supreme court." After the hearing the court, on April 13, 1897, granted the motion, and ordered the said decision and judgment vacated, annulled and set aside. From this order the plaintiff appealed, the appeal being designated No. 1104.

1. The only question involved in the first appeal (No. 897), which it is necessary to consider is, Was the appeal taken in proper time? As the law stood at that time, an appeal from an appealable order or judgment was required to be taken within one year after the order is made or

the judgment entered: Code Civ. Proc., sec. 939. "Upon an appeal from a judgment the court may review the verdict or decision, and any intermediate order ʻor decision excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken": Code Civ. Proc., sec. 956. Here the appeal was taken more than a year and three months after the order was made striking out and dismissing the complaint in intervention. That order disposed of the interveners' rights as parties to the suit, and had the force and effect of a judgment against them, and was in our opinion, appealable. In Stich v. Dickinson, 38 Cal. 608, the appellant filed a complaint in intervention, to which the defendants demurred on the ground that it did not state facts which entitled the intervener to intervene, inasmuch as it did not show that the intervener had any interest in the matter in litigation, in the success of either of the parties, or against both or all of them. The demurrer was sustained, and a judgment was thereupon entered against the intervener, from which he appealed. It was claimed by the respondents that the appeal was prematurely taken, there having been no final judgment in the action as between the original parties to it. But it was held that the judgment against the intervener was final, and that the appeal was properly taken. The judgment was accordingly reversed, with directions to the court below to overrule the demurrer to the intervention. And in People v. Pfeiffer, 59 Cal. 89, which was a proceeding for the condemnation of land, the appellant made application for leave to intervene in the proceeding. "The court made an ex parte order permitting him to present and file a complaint in intervention, but subsequently, after filing the complaint, set aside the order, refused to allow him to intervene, and dismissed his complaint. From the judgment of dismissal the appellant took no appeal, as he might have done"; citing Stich v. Dickinson, supra. After a judgment of condemnation was entered, the appellant appealed from that judgment, but it was held that he was not a party to the action, because his suit to be made a party was rejected, and his appeal was dismissed. The cases cited by appellants, as declaring a different rule, are not in point. They are cases where a pleading, or part of a pleading, of one of the

parties to the action had been stricken out on motion; and it was held that the order of the court, not being itself appealable, might be reviewed on appeal from the final judgment. The cases above cited seem to be decisive of the question in hand, and it must, therefore, be held that the appeal from the order striking out the complaint in intervention was not taken within the time allowed for that purpose, and hence cannot be considered on its merits.

2. The question involved in the second appeal (No. 1104) is, Was the judgment rendered against "John F. More, as the administrator of the estate of Alexander P. More, deceased," invalid, he having been removed from his trust, and having ceased to be administrator of the estate some months before the judgment was entered? If it was, there was clearly no error in setting the judgment aside on motion. It has been held in this state that a judgment rendered in favor of or against a party to the action after his death is a nullity, and, although it is not void on its face, it may be set aside on motion: Ewald v. Corbett, 32 Cal. 493; McCreery v. Everding, 44 Cal. 284; Elliott v. Paterson, 65 Cal. 109, 3 Pac. 493. It has also been held in other jurisdictions that where an executor or administrator is removed from his trust, he ceases to have any connection with the estate, and no judgment relating to its affairs can be rendered against him. In Wiggin v. Plummer, 31 N. H. 251, it is said, on page 266: "He ceases to be a party to the action on removal from his trust as absolutely as if he were dead, and the action must either be prosecuted against the new representative of the estate or it will be discontinued. . . . . When the administrator is displaced, he ceases to have either interest in or power over that estate, and a judgment to reach the estate must be rendered against the party entitled to represent it. The judgment also must be for a sum to be levied of the goods and estate of the deceased in the hands of the defendant administrator, to be administered. Such a judgment cannot be rendered against one who appears by the record not to be administrator." In National Bank v. Stanton, 116 Mass. 435, it is said: "Upon her removal from the office of executrix, her liability to and right to defend against this action ceased. It follows that no judgment therein can be rendered against her." In Re Dunham's Estate, 8 Ohio C. C. 162, it is said: "We are of

the opinion that the judgment, having been rendered after the cessation of the powers of Mrs. Dunham as executrix, was wholly void as evidencing the existence of a claim against the estate." And in Taylor v. Savage, 1 How. (U. S.) 282, 11 L. Ed. 132, it is said by the supreme court of the United States, Taney, C. J., delivering the opinion: "By his removal from the office of executor he was as completely separated from the business of the estate as if he had been dead, and had no right to appear in or be a party in this or any other court to a suit which the law confided to the representative of the deceased."

It is objected, however, for the appellant that the effect of the order removing More from his trust as administrator was suspended by his appeal therefrom until the final determination of the appeal, and that meantime he continued to be the administrator of the estate; citing In re Moore's Estate, 86 Cal. 72, 24 Pac. 846. That case simply holds that pending an appeal from an order removing an administrator of an estate he is suspended from office, and it is within the power of the court to appoint a special administrator to act during the period of suspension, but not to appoint a general administrator until such order or removal becomes final. It is true that pending the appeal from the order removing More he was only suspended from the office of administrator. But after the removal he ceased to be practically and in effect the administrator of the estate. He could exercise no powers and perform no duties as such. "He was as completely separated from the business of the estate as if he had been dead." The appeal did not revive or in any way restore his powers. "The effect of an appeal from an order setting aside a judgment is not to revive the judgment. The judgment no longer exists, so far as the assertion of any rights under it is concerned, until it shall be brought into force again by a reversal of the order setting it aside. . . . . The code does not provide that an order appealed from shall cease to exist—be annulled—but that it cannot be further enforced by a proceeding upon it. ·Here the revocation of probate and the surcease of appellant's functions as executor became complete eo instanti the order of revocation was entered": In re Crozier's Estate, 65 Cal. 332, 4 Pac. 109. We conclude, therefore, in view of the well-settled rules of law, that after More was

removed from his office as administrator no judgment could properly be entered against him as such administrator, and that there was no error in setting the judgment in question aside.

Undoubtedly the judgment might have been, and we think should have been, entered against the defendant nunc pro tunc, as of the date of the submission of the cause for decision; and it may be so entered now, on the going down of the remittitur on this appeal: Fox v. Mining Co., 108 Cal. 478, 41 Pac. 328. We advise that appeal No. 897 be dismissed, and that the order involved in appeal No. 1104 be affirmed.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the appeal No. 897 is dismissed and the order involved in appeal No. 1104 is affirmed.