## PEDLEY v. WERDIN et al.

### L. A. No. 2154; January 20, 1909.

#### 99 Pac. 975.

**Under Code of Civil Procedure,** section 939, fixing the time within which to appeal from a judgment after the entry of judgment, the time to appeal begins to run from the moment of the actual entry of the judgment.

Appeal—Time.—An Appeal, Taken Before the Judgment is entered of record, as required by Code of Civil Procedure, section 668, is premature, and must be dismissed, though the judgment entered after the notice of appeal was entered nunc pro tunc as of a date prior thereto.

Appeal—Time.—Code of Civil Procedure, sections 941a–941c, as amended by Laws of 1907, page 753, chapter 410, providing for a new method of appeal, did not take effect, by reason of Political Code, section 323, until sixty days after the date of approval by the governor, and an appeal taken during the sixty days was not affected thereby.

APPEAL from Superior Court, Los Angeles County; W. P. James, Judge.

Action by W. H. Pedley, administrator of H. M. Praeb, deceased, against E. R. Werdin and others. From a judgment for defendant, the Pacific Electric Railway Company, rendered after sustaining a demurrer to the complaint, plaintiff appeals. Dismissed.

Wm. J. Danford for appellant; Bicknell, Gibson, Trask & Crutcher for respondent.

MELVIN, J.—Respondent has moved to dismiss the appeal herein on the ground that it was prematurely taken. The record shows that the demurrer of the Pacific Electric Railway Company (a corporation), the respondent here, was sustained on December 17, 1906; that upon plaintiff's declaration that he did not desire to amend, it was ordered that plaintiff take nothing as against said corporation; that plaintiff filed a notice of appeal on April 16, 1907; and that judgment was not entered until October 18, 1907. Appellant contends that the motion should be denied because the order of October 18, 1907, was entered nunc pro tunc as of December 17, 1906. The fact is of no importance in determining this motion. The time to appeal begins to run from the moment of the actual entry of the judgment: Code Civ. Proc., sec. 939; Coon v. United Order of Honor, 76 Cal. 354, 18 Pac. 384. In the case of the Home for the Care of Inebriates v. Kaplan, 84 Cal. 486, 24 Pac. 119, the following language was used: "This court has uniformly held that an appeal taken before the judgment is entered of record (see Code Civ. Proc., sec. 668) is premature and must be dis-

missed." The same rule is stated in McHugh v. Adkins, 117 Cal. 228, 49 Pac. 2, in Bell v. Staacke, 137 Cal. 307, 70 Pac. 171, and in More v. Miller, 6 Cal. Unrep. 78, 53 Pac. 1077, 54 Pac. 263, 6 Cal. Unrep. 110.

It is unnecessary to discuss the question whether or not sections 941a, 941b, and 941c of the Code of Civil Procedure, as amended by Laws of 1907, page 753, chapter 410, would apply to a motion like this, because those sections were not in effect on April 16, 1907, the date of the filing of the notice of appeal. Although these enactments providing for a new method of appeal had been approved by the governor on March 20, 1907, they did not become operative until sixty days after the date of approval: Pol. Code, sec. 323.

The motion to dismiss the appeal is granted.

We concur: Henshaw, J.; Lorigan, J.; Shaw, J.; Angellotti, J.