[Civ. No. 5650. Second Appellate District, Division Two.—November 25, 1927.]

TITLE INSURANCE & TRUST CO. (a Corporation), Respondent, v. W. T. WILSON et al., Appellants.

[Civ. No. 5716. Second Appellate District, Division Two.—November 25, 1927.]

TITLE INSURANCE & TRUST CO. (a Corporation), Respondent, v. ADA BEST et al., Appellants.

Fred Mansur and James Donovan for Appellants.

Chapman & Chapman, E. D. Williams, L. E. Tripp, Hunsaker, Britt & Cosgrove, Flint & MacKay and Arthur R. Smiley for Respondent.

CRAIG, J.—Upon motion of appellants it was ordered by this court that the above cases be consolidated for the purposes of appeal.

A dismissal as to Clara E. Herr and Rebecca W. Avery has been filed by the plaintiffs in Civil No. 5716.

■ The appeal in the case of *Title Ins. & Trust Co.* v. *Wilson et al.* is taken by what is known as the alternative method, purporting to be pursuant to sections 953a, 953b, and 953c of the Code of Civil Procedure. No part of the record was printed in appellants' opening brief. Later a supplemental brief was filed. However, only meager portions of the testimony of the witnesses appear therein, and respondent has made two motions in this court, one to dismiss the appeal and the other to affirm the judgment of the superior court. These motions are the subject of this opinion and decision. Section 953c provides in unmistakable terms that: "In filing briefs in said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court."

At the time of the decision of *Jeffords* v. *Young,* 197 Cal. 224 [239 Pac. 1054], it was said that the supreme court and district courts of appeal had reiterated approximately a hundred times the necessity of an appellant following the method here attempted to be used, "to print in his brief or in a printed supplement thereto sufficient of the record to justify a reversal of the judgment or order appealed from." It is apparent that this has not been done in the instant appeal. Neither in the brief of appellant nor in his supplement thereto is there set forth any of the pleadings, findings, or judgment. The only suggestion of a compliance with the requirements of section 953c is the printing of less than ten pages of the testimony, whereas the reporter's transcript contains 205 pages. From the slight scraps of testimony which are printed it cannot be ascertained in a single instance to what property reference is made. It is clear that the appellants' briefs are wholly inadequate to advise counsel for respondent or the court concerning the asserted grounds of appeal, or to justify a reversal of the judgment from which the appeal has been taken. The provision of the code here involved is intended

for the benefit of the adversary party as well as of the appellate court. It is unfair to both, and also to other litigants whose appeals are pending awaiting decision, to cause this court to devote its time to a performance of the labors of investigation and research expressly required of the appellants by law.

Under such circumstances the respondent is entitled to an affirmance of the judgments of the superior court. (*Jeffords* v. *Young, supra; Estate of Berry*, 195 Cal. 354 [233 Pac. 330].)

What has been said also applies to *Title Ins. & Trust Co.* v. *Best et al.*

▇ It is ordered in each case that the appeal be dismissed. It results from the foregoing order that the judgment is affirmed in each case. (*Home for Care of Inebriates* v. *Kaplan*, 84 Cal. 486 [24 Pac. 119]; *Taylor* v. *Albion Lumber Co.*, 176 Cal. 347 [L. R. A. 1918B, 185, 168 Pac. 348].) ▇ This court is then left without jurisdiction to pass upon the motion for an affirmance of the judgment. (*Duncan* v. *Times-Mirror Co.*, 109 Cal. 602 [42 Pac. 147].)

Thompson, J., being disqualified, does not participate in the foregoing opinion.

Works, P. J., concurred.