[Civ. No. 6259. Second Appellate District, Division Two.—December 9, 1929.]

W. A. FARIS, Plaintiff and Respondent, v. BANK OF AMERICA (a Corporation) et al., Defendants; J. H. WILLIAMS, Appellant.

Leonard Comegys for Appellant.

Clark J. Milliron and George H. P. Shaw for Respondent.

CRAIG, Acting P. J.—An action was commenced by the respondent against appellant and the defendant bank, alleging by a common count in the usual form for money had and received that they were indebted to the plaintiff in a sum for which demand had been made, but that no part had been paid. Each of the defendants denied all of said allegations, except as to a form of demand which the defendant bank admitted. By supplemental complaint it was alleged that since the commencement of the action Williams had transferred his interest in certain property, as collateral security. To this pleading the defendant Williams also filed an answer. Much evidence was introduced tending to elucidate asserted contractual relations and negotiations leading to the plaintiff's claim, and all of the issues were strenuously contested. Judgment was rendered in favor of the plaintiff against the defendant Williams,

and absolving the bank from liability. Respondent has remitted ten thousand dollars of the amount of the judgment.

Appellant J. H. Williams attacks the judgment and findings by a lengthy discussion of the evidence, involving asserted agreements for the disposition of bonds, a purchase of an interest in a realty syndicate, and attempted but ineffective rescission, and urges a reversal upon the ground that the evidence is insufficient to sustain the judgment as rendered. It is argued throughout the briefs that a careful review of the facts would disclose the necessity for a formal demand, rescission and a suit for damages, whereas these steps were not taken. However, we have before us only a skeleton interpretation of the testimony by the appellant which, aside from exhibits, covers less than thirty pages, from a transcript of more than three hundred pages. The evidence is not attempted to be quoted, nor are references to pages of the official record supplied for our assistance. No rulings of the trial court are assigned as error, yet an exhaustive analysis of the whole transcript is demanded for the purpose of determining whether or not appellant's theory of a more propitious and expedient cause of action against him is tenable.

The case is so similar to that presented in *Title Insurance & Trust Co.* v. *Wilson,* 87 Cal. App. 143 [261 Pac. 767, 768], wherein we called attention to repeated infractions of the rule in such cases, that we need but quote therefrom: "The provision of the code here involved is intended for the benefit of the adversary party as well as of the appellate court. It is unfair to both, and also to other litigants whose appeals are pending awaiting decision, to cause this court to devote its time to a performance of the labors of investigation and research expressly required of the appellants by law."

The judgment is affirmed.

Thompson (Ira F.), J., and Burnell, J., *pro tem.,* concurred.