[Civ. No. 16155. Second Dist., Div. One. Apr. 20, 1948.]

MILTON N. LINN et al., Appellants, v. AARON WEIN-
RAUB et al., Respondents.

William H. Haupt and Ben T. Weinstein for Appellants.

Marvin Wellins and Don L. Gilman for Respondents.

BARTLETT, J. pro tem.—The appeal in this action was taken from the following proceedings in the trial court:

1. A judgment entered in the action on December 23, 1946, in favor of the defendants and respondents and against the plaintiffs and appellants.

2. An order made on December 24, 1946, in which the court denied plaintiffs' motion to fix bond on appeal.

3. An order made on the 24th day of December, 1946, in which the court granted the motion of the defendants for an order denying a stay of execution.

4. A minute order made on the 11th of March, 1947, denying plaintiffs' motion for a new trial.

5. A written order made and filed March 12, 1946, denying plaintiffs' motion for a new trial and granting defendants' motion for a new trial on the ground of newly discovered evidence for the sole purpose of fixing and allowing to the defendants an additional sum for attorneys' fees.

This appeal which we are considering is the second appeal which appellants have filed from the same judgment of December 23, 1946. This court dismissed this prior appeal on March 24, 1947, Civil No. 15868, L. A. 20028. The order of dismissal was not made without prejudice to another appeal.

Section 955 of the Code of Civil Procedure reads as follows:

"The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from unless the dismissal is expressly made without prejudice to another appeal." (See also *Thomas* v. *Superior Court,* 6 Cal.App. 629 [92 P. 739]; *Howard* v. *Howard,* 87 Cal.App. 20 [261 P. 714]; *Title Ins. & Trust Co.* v. *Wilson,* 87 Cal.App. 143 [261 P. 767]; *Smith* v. *Superior Court,* 21 Cal.App.2d 160 [69 P.2d 176].)

As the effect of the order of dismissal herein was affirmance of the judgment, no second appeal from the same judgment can be maintained.

It is manifest that the matters involved in the orders of December 24, 1946, have now become moot and also that no appeal lies from an order denying a motion for a new trial.

This leaves before us for determination the sole question of the order granting respondents' motion for a new trial on the issue of attorneys' fees. The court's order was that respondents' motion for a new trial "be and the same is hereby granted for the sole purpose of fixing and awarding to the defendants an additional sum for the reasonable value of legal services rendered by the attorneys for the defendants herein." An examination of the affidavits upon which the motion was based, and also an examination of the recital of the services rendered set forth in respondents' brief, from page 20 to page 23, inclusive, shows that all of the services for which additional fees were asked were rendered after the date of the judgment. The judgment had awarded respondents the sum of $250 as attorneys' fees, which award was made by virtue of the following provisions of the lease which was the subject of the action:

"18th. In case the lessor prevails in any suit under this lease, there shall be allowed to the lessor to be included in any judgment recovered, reasonable attorneys' fees to be fixed by the court." In the case before us the lessor prevailed, and in the judgment recovered he was awarded attorneys' fees. That judgment is now final.

It is the holding in *Bank of America* v. *Moore,* 18 Cal.App. 2d 522 [64 P.2d 460]; *Los Angeles Trust & S. Bank* v. *Ward,* 197 Cal. 103 [239 P. 847]; and *Farmers & Merchants Nat. Bank* v. *Bailie,* 138 Cal.App 143 [32 P.2d 157], that unless attorneys' fees are specifically provided for by statute the mode and method of compensation of attorneys is left to the agreement of the parties. Such also is the express provision of section 1021 of the Code of Civil Procedure.

As there is no statutory support for an award of attorneys' fees in this case, the quoted provisions of the lease govern the court in the matter. Respondent makes the statement:

"It has been established that attorneys' fees may be allowed after entry of judgment in the trial court" and cites four cases. None of these cases is applicable here. *Schallert-Ganahl Lbr. Co.* v. *Neal,* 94 Cal. 192 [29 P. 622] was an action to foreclose a mechanic's lien and the question of attorney's fees in such cases is governed by a special statute, section 1195, Code of Civil Procedure. The matter of the allowance of attorney's fees for services rendered after judgment was not involved at all in *Thrasher* v. *Moran,* 146 Cal. 683 [81 P. 32], or in *Beckman* v. *Skaggs,* 61 Cal. 362. *Harron* v. *Harron,* 128 Cal. 303 [60 P. 932], was a divorce case where attorney's fees were allowed in accordance with the provisions of section 137 of the Civil Code, for services to be rendered for the wife in the future.

Respondents themselves cite *Viner* v. *Utrecht,* 26 Cal.2d 261 [158 P.2d 3], as authority for the proposition that by reason of the provisions of the lease, attorneys' fees are recoverable. However, the court, in granting a new trial as to attorneys' fees for services rendered subsequent to the judgment, erred in going beyond the provisions of the lease and granting relief contrary to the agreement of the parties as therein expressed.

For the foregoing reasons, it is ordered that the appeal from the judgment be dismissed; and that the appeals from those certain orders made on the 24th of December, 1946, be

dismissed; and that the attempted appeal from the orders denying plaintiffs' motion for a new trial be dismissed. The order granting defendants' motion for a new trial for the sole purpose of fixing and allowing defendants additional sums for attorneys' fees is reversed.

Doran, Acting P. J., and White, J., concurred.