Filed 3/9/26  White v. Pixley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| DOREEN FAITH WHITE, | C103111 |
| Plaintiff and Respondent, | (Super. Ct. No. SCV0049757) |
| v. | |
| CHERYL A. PIXLEY, | |
| Defendant and Appellant. | |

This is Cheryl A. Pixley's second attempt to appeal a civil harassment restraining order issued against her.  Because our dismissal of her first appeal was with prejudice, Pixley is barred from challenging the restraining order in this current appeal and we therefore dismiss it.

BACKGROUND

Given our conclusion that Pixley may not file a second appeal challenging the civil harassment restraining order, we limit our discussion to the relevant procedural background and do not discuss the underlying facts.

1

In early 2023, Doreen Faith White filed a request for a civil harassment restraining order against Pixley. A hearing on the request was held on February 6, 2023. White and Pixley both appeared in propria persona and both testified. At the conclusion of the hearing, the court found Pixley had committed civil harassment. That same day (i.e., February 6, 2023), the court issued a written civil harassment restraining order against Pixley; the order expired on February 6, 2024.

On March 2, 2023, Pixley filed a timely notice of appeal of the civil harassment restraining order, and the appeal was docketed in this court as case No. C098063. We refer to this as the first appeal, and we take judicial notice of it. (Evid. Code, § 452, subd. (d) [judicial notice may be taken of "[r]ecords of . . . any court of this state"].) We note a civil harassment restraining order "is appealable as an appeal from an order granting an injunction." (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 187; see also Code Civ. Proc., § 904.1, subd. (a)(6) [an appeal may be taken from "an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction"].)

On April 6, 2023, a little over a month after filing her first appeal, Pixley returned to the superior court and filed a motion to terminate the civil harassment restraining order and/or grant her a new trial. In support of the motion, Pixley argued there was insufficient evidence to support a finding of harassment and she did not receive a fair trial. At a hearing held shortly thereafter, the court noted Pixley's motion was akin to a motion for reconsideration. It also correctly advised Pixley it could not consider the motion until her appeal was resolved. "Generally, the filing of a notice of appeal vests jurisdiction in the appellate court and divests the trial court of jurisdiction to make any order affecting the judgment." (*People v. Espinosa* (2014) 229 Cal.App.4th 1487, 1496.)

On July 10, 2024, this court dismissed Pixley's first appeal because she failed to file an opening brief. Our records show the clerk's transcript was filed on October 26, 2023, and the reporter's transcript was filed on March 14, 2024. On March 14, 2024, Pixley was notified the record on appeal had been filed, which meant her opening brief

was due by April 23, 2024.  (See Cal. Rules of Court, rule 8.212(a)(1) [opening brief must be filed 40 days after the record is filed in reviewing court].)  Rule 8.220, subdivision (a), of the California Rules of Court provides, "If a party fails to timely file an appellant's opening brief . . . , the reviewing court clerk must promptly notify the party in writing that the brief must be filed within 15 days after the notice is sent and that if the party fails to comply, the court may . . . [¶] . . . dismiss the appeal."  On June 6, 2024, Pixley was notified she had failed to timely file her opening brief and her brief was due no later June 21, 2024.  On July 10, 2024, when Pixley still had not filed her opening brief, this court dismissed the case.  The dismissal states, in full:  "Appellant has been notified pursuant to rule 8.220(a) of the California Rules of Court and has not filed the appellant's opening brief.  Therefore, the appeal filed on March 2, 2023, is dismissed."  The remittitur was issued on September 18, 2024.

On December 6, 2024, Pixley returned to the superior court and renewed her request to terminate the civil harassment restraining order.  She acknowledged her request was originally filed on April 6, 2023, and she requested a hearing on that earlier request.  She also reiterated her earlier claim that there was insufficient evidence of harassment.  She acknowledged the restraining order had expired on February 6, 2024, but she stated it was still being used against her in a separate family law matter.[1]  Finally, she acknowledged her first appeal, and she stated, "Now that the original appeal has been dismissed (July 10, 2024) for reasons that [Pixley] failed to file her brief . . . , she needs her motion filed on April 6, 2023 to be re addressed to get an order or ruling that she can

---

[1]    We note that, "Ordinarily, an appeal from an expired restraining order is moot because the appellate court cannot grant any effective relief from an expired order."  (*San Diego Police Dept. v. Geoffrey S.* (2022) 86 Cal.App.5th 550, 564.)  However, "An appeal from an expired restraining order is not moot if it could have collateral consequences in future proceedings."  (*Ibid.*)  Given our disposition in this case, we need not decide whether this appeal is moot.

now appeal." On December 9, 2024, the court issued an order denying the request to terminate the civil harassment restraining order. No reasons were given. On February 10, 2025, Pixley filed a notice of appeal from this order.[2]

DISCUSSION

Code of Civil Procedure section 913 provides, "The dismissal of an appeal shall be with prejudice to the right to file another appeal within the time permitted, unless the dismissal is expressly made without prejudice to another appeal." Our order dismissing Pixley's first appeal "did not expressly say it was without prejudice, so by operation of law it was *with* prejudice." (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 100.) "Normally the involuntary dismissal of an appeal leaves the judgment intact" and has the effect of affirming it. (*In re Jasmon O.* (1994) 8 Cal.4th 398, 413.) "As the effect of the order of dismissal herein was affirmance of the judgment, no second appeal from the same judgment can be maintained." (*Linn v. Weinraub* (1948) 85 Cal.App.2d 109, 110.) Thus, our July 10, 2024, dismissal with prejudice had the effect of affirming the February 6, 2023, civil harassment restraining order, and Pixley is "barred from challenging the [restraining order] in this or any other appeal." (*Estate of Sapp*, at p. 100.)

This case is similar to *Property Owners of Whispering Palms, Inc. v. Newport Pacific, Inc.* (2005) 132 Cal.App.4th 666. In that case, an association of subdivision residents sued the developer, the architectural committees responsible for enforcing the subdivision's declarations of restrictions, and the committees' individual members. (*Id.* at pp. 671-672.) The individual committee members demurred on the ground the complaint failed to allege facts sufficient to establish any individual liability on their part, and the trial court sustained the demurrer without leave to amend and entered a judgment of dismissal in their favor. (*Id.* at pp. 672, 677.) The association "thereafter filed a notice

---

**2**　　　White has not appeared.

4

of appeal from that judgment, but did not file an opening brief; as a result, this court dismissed the appeal and issued a remittitur." (*Id*. at p. 677.) In the meantime, the trial court granted summary judgment in favor of the developer and the architectural committees and entered judgment in their favor, and the association appealed. In addition to challenging the summary judgment, the association also argued the trial court "erred in sustaining the [individual committee members'] demurrer . . . without leave to amend." (*Ibid*.) The defendants moved to dismiss this portion of the appeal, arguing the association was "precluded from raising a challenge to the judgment of dismissal in favor of the individual committee members," and the appellate court agreed. (*Ibid*.) Its explanation is equally applicable here: "[A]lthough the Association filed its original notice of appeal from the trial court's judgment of dismissal, it thereafter failed to file an opening brief, which resulted in the dismissal of that appeal. Because this court's dismissal of the first appeal did not expressly provide that it was without prejudice to a subsequent appeal, the trial court's judgment of dismissal became final and binding and the Association cannot now take another appeal from that judgment." (*Ibid*.)

So, too, in this case. Pixley appealed the civil harassment restraining order, but she thereafter failed to file an opening brief, which resulted in the dismissal of that appeal. Because our dismissal of the first appeal did not expressly provide it was without prejudice to a subsequent appeal, the trial court's civil harassment restraining order became final and binding and Pixley cannot now take a second appeal from that order.

## DISPOSITION

The appeal is dismissed. Because White did not appear in this appeal, costs are not awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
MAURO, J.

_____/s/_____
KRAUSE, J.