[No. 9,063. Department One.—June 17, 1884.]

## IN THE MATTER OF THE ESTATE OF JAMES CROZIER, DECEASED.

ADMINISTRATION—REVOCATION OF WILL—APPEAL—APPOINTMENT OF SPECIAL ADMINISTRATOR—JURISDICTION.—An appeal from an order revoking the probate of a will does not revive the powers and functions of the former executor, and the court has power to appoint a special administrator to take charge of the estate.

APPLICATION for writ of review. The facts are stated in the opinion of the court.

*W. L. Dudley, J. C. Campbell*, and *Byers & Elliott*, for Petitioner, cited *Woodbury* v. *Bowman et al.* 13 Cal. 635; *Thornton* v. *Mahoney et al.* 24 Cal. 569; *McGarrahan* v. *Maxwell*, 28 Cal. 92; *Covarrubias* v. *Supervisors*, 52 Cal. 622.

*Curtis H. Lindley*, and *James A. Louttit*, for Respondent, cited Code Civ. Proc. §§ 1411, 1412; *Merced Mining Co.* v. *Fremont*, 7 Cal. 132; *Hicks* v. *Michael*, 15 Cal. 112; *Rue* v. *City of Chicago*, 66 Ill. 256; *Smith* v. *Board of Supervisors*, 30

Iowa, 531; *Peoria Ins. Co.* v. *Walser*, 22 Ind. 73; *Ross* v. *Ellsworth*, 49 Me. 417.

The COURT.— On the 26th of November, 1881, an instrument, purporting to be the last will and testament of James Crozier, deceased, was admitted to probate, and letters testamentary issued to *Daggett*, named in said instrument as executor, without bond.   May 29, 1883, on the petition of Jane Crozier, mother of deceased, a judgment or order was made and entered annulling and revoking the probate of the alleged will.

Daggett (the alleged executor), served and filed notice of an appeal from the judgment or order revoking the probate, and filed the three hundred dollar bond, on the 14th of June, 1883. On the same day (but as we will presume, if necessary, *before* the appeal), one *Fyfe* was appointed special administrator, and his bond as such fixed at twenty-three thousand dollars.

The present is an original proceeding to review and annul, on *certiorari*, the last-named judgment or order.

It is insisted by petitioner that his appeal stayed all further proceedings in the court below, based upon or having relation to the order of revocation. (Code Civ. Proc. § 946.)   The contention, in its logical results, is that the will still remains the probated will of decedent, and the petitioner still the acting executor, with power to collect assets, pay debts, and do all other acts and things which an executor may do.

But the effect of an appeal from an order setting aside a judgment is not to revive the judgment.   The judgment no longer exists, so far as the assertion of any rights under it is concerned, until it shall be brought into force again by a reversal of the order setting it aside.

The effect of an appeal is to stay all proceedings upon a judgment or order appealed from.   (§ 946.)   But the appointment of a special administrator was not a proceeding upon the order of revocation, or upon matters embraced therein, but an independent order, which was itself appealable.   (§ 963.)   The Code does not provide that an order appealed from shall cease to exist— be annulled— but that it cannot be further enforced by a proceeding upon it.   Here the revocation of probate and the surcease of appellant's functions as executor became com-

plete, *eo instanti* the order of revocation was entered. (Code Civ. Proc. § 1331.) As was said, with reference to the effect of an appeal from a certain order, in *Wood* v. *Dwight*, 7 Johns. Ch. 295, an appeal only stays further proceedings, but here there is no further proceeding. The Code provides for an appeal from the order of revocation, and therefore the statute keeps alive, *ad interim*, appellant's character as executor for the purposes of the appeal; but in all other respects the powers and functions of the former executor are suspended when the revocation is ended. (§ 1331.) If his powers can be fully revived by an appeal, he cannot only control the orders of the lower court, but, of his own volition, re-create himself an executor. In *Merced Mining Company* v. *Fremont*, 7 Cal. 132, it was said that it was only of orders which command or permit some acts to be done that a stay of proceedings can be had. That was an appeal from an order dissolving an injunction, but the principle applies here.

We think the Superior Court had jurisdiction to appoint a special administrator.

The order which the petitioner asks to annul is affirmed.