[No. 13851. Department Two. — September 19, 1890.]

In the Matter of the Estate of WILLIAM H. MOORE, Deceased.

Estates of Decedents — Removal of Administrator — Effect of Appeal — Power of Appointment Pending Appeal — Special and General Administrator. — Pending an appeal from an order removing an administrator of an estate, he is suspended from office, and it is within the power of the court to appoint a special administrator to act during the period of suspension, but not to appoint a general administrator until such order or removal becomes final.

Appeal from an order of the Superior Court of Santa Clara County appointing an administratrix of an estate.

The facts are stated in the opinion of the court.

*Frank M. Stone,* for Appellant.

*Charles B. Younger,* for Respondent.

Sharpstein, J. — This appeal is from an order appointing Helen M. Moore general administratrix of said

estate. It appears by the bill of exceptions that Thomas W. Moore was duly appointed administrator of said estate on the fourth day of March, 1872, and that he continued such administrator until August 29 or September 7, 1888, when he was removed by order of the court. From that order he appealed to the supreme court, and said appeal was pending in said supreme court when said Helen M. Moore was appointed administratrix of said estate by the order of the court from which this appeal is taken. The contention of appellant is, that, pending an appeal from the order removing Thomas W. Moore from the administration of the estate in question, the court had no authority to appoint other than a special administrator. In support of that contention he cites section 1411 of the Code of Civil Procedure, which provides, among other things, that "when an executor or administrator dies or is suspended or removed, the superior court or a judge thereof must appoint a special administrator." Pending the appeal of Thomas W. Moore from the order removing him, he was suspended from office, and it was within the power of the court to appoint a special administrator to act during the period of suspension, but not to appoint a general administrator until such order or removal became final. The grounds upon which we are urged to dismiss the appeal are not sufficient to justify a dismissal.

THORNTON, J., and McFARLAND, J., concurred.

Hearing in Bank denied.