[S. F. No. 1104. In Bank.—January 20, 1900.]

H. CLIFFORD MORE, Administrator, etc., Appellant, v. JOHN F. MORE, Administrator of Estate of Alexander P. More, Deceased, and ELIZA M. MILLER, Special Administratrix, Respondents.

ESTATES OF DECEASED PERSONS — REMOVAL OF ADMINISTRATOR—INVALID JUDGMENT UPON CLAIM.—After the removal of an administrator from his trust, he ceases to have any connection with the estate, and no judgment rendered against him while removed can bind the estate, or have any validity as evidencing the existence of a claim against the estate.

ID.—APPEAL FROM ORDER OF REMOVAL—SUSPENSION OF ADMINISTRATOR—JUDGMENT PENDING APPEAL—VACATING ORDER.—An appeal from an order removing an administrator does not revive or restore his powers, but he remains suspended from office pending the appeal, and has ceased from the date of the removal to be practically and in effect the administrator of the estate, until such time as the order may be reversed. No judgment can properly be rendered against him pending such appeal; and an order vacating a judgment upon a claim so rendered is proper, and must be affirmed.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside a judgment against a removed administrator. A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

Frank R. Whitcomb, and Whitcomb & Boyle, for Appellant.

Thomas McNulta, and A. G. Eells, for John F. More, Respondent.

John B. Mhoon, for Eliza M. Miller, Respondent.

THE COURT.—The plaintiff, H. Clifford More, as administrator of the estate of Lawrence W. More, deceased, brought this action against John F. More, administrator of the estate of Alexander P. More, deceased, to establish his claim of thirteen thousand six hundred and seventy dollars and fourteen cents against the estate· of said Alexander P. More, deceased, under section 1498 of the, Code of Civil Procedure. On January 15,

1897, judgment was entered for plaintiff for the full amount of his claim. Afterward John F. More, and Eliza M. Miller, who had been appointed special administratrix of the estate, moved to vacate and set aside the judgment upon the ground that at the time it was rendered the said John F. More was not administrator of the estate. Upon the hearing of the motion it appeared by stipulation that the said John F. More had been on the first day of June, 1896, suspended as administrator, and that on June 4, 1896, Eliza M. Miller had been appointed special administratrix of the estate, and that on the twenty-first day of September, 1896, the court had revoked and annulled the letters of administration which had been issued to John F. More, and that on the twentieth day of November, 1896, the said John F. More had taken an appeal to this court from the order revoking his letters, and that such appeal is still pending. On April 13, 1897, the court granted the motion to vacate the decision and judgment, and made an order annulling and setting the same aside. From this order the plaintiff appealed, and this appeal is the one now before the court, being designated as No. 1104.

When this appeal was submitted to this court in Department there was also another appeal, designated as No. 897, submitted, which was an appeal taken by certain intervenors from the original judgment and from an order striking out their intervention. In an opinion submitted to the court by the commissioners, which covered both appeals, it was recommended that the appeal No. 897 be dismissed, and that in this present appeal, No. 1104, the order appealed from be affirmed. This opinion was approved by the Department and judgment was entered accordingly. Upon a petition for hearing in Bank of both appeals the petition was denied as to No. 897, although the order dismissing the appeal was modified and based upon a ground other than the one taken in the opinion of the commissioners. (See 54 Pac. Rep. 263.) The appeal No. 1104 is, therefore, the only one now pending here in the case.

Upon further consideration of the case, we think that the order appealed from should be affirmed, for the reasons given in the following part of the opinion of the commissioners, which is hereby adopted. That part of the opinion which we hereby adopt is as follows:

"'The question involved in the appeal No. 1104 is, Was the judgment rendered against 'John F. More, as the administrator of the estate of Alexander P. More, deceased,' invalid, he having been removed from his trust, and having ceased to be administrator of the estate some months before the judgment was entered? If it was, there was clearly no error in setting the judgment aside on motion. . . . .

"It has been held in other jurisdictions that where an executor or administrator is removed from his trust he ceases to have any connection with the estate, and no judgment relating to its affairs can be rendered against him. In *Wiggin v. Plumer*, 31 N. H. 251, it is said on page 266: 'He ceases to be a party to the action on removal from his trust as absolutely as if he were dead, and the action must either be prosecuted against the new representative of the estate, or it will be discontinued. . . . . When the administrator is displaced, he ceases to have either interest in or power over that estate, and a judgment to reach the estate must be rendered against the party entitled to represent it. The judgment must also be for a sum to be levied of the goods and estate of the deceased in the hands of the defendant administrator to be administered. Such a judgment cannot be rendered against one who appears by the record not to be administrator.' In *National Bank of Troy v. Stanton*, 116 Mass. 435, it is said: 'Upon her removal from the office of executrix, her ability to and right to defend against this action ceased. It follows that no judgment therein can be rendered against her.' In *Estate of Dunham*, 8 Ohio C. C. 162, it is said: 'We are of the opinion that the judgment, having been rendered after the cessation of the powers of Mrs. Dunham as executrix, was wholly void as evidencing the existence of a claim against the estate.' And in *Taylor v. Savage*, 1 How. 282, it is said by the supreme court of the United States, Taney, C. J., delivering the opinion: 'By this removal from the office of executor he was as completely separated from the business of the estate as if he had been dead, and had no right to appear in or be a party in this or any other court to a suit which the law confided to the representative of the deceased.'

"It is objected, however, for the appellant that the effect of the order removing More from his trust as administrator was

suspended by his appeal therefrom until the final determination of the appeal, and that meantime he continued to be the administrator of the estate. (Citing *In re Moore*, 86 Cal. 72.) That case simply holds that, pending an appeal from an order removing an administrator of an estate, he is suspended from office, and it is within the power of the court to appoint a special administrator to act during the period of suspension, but not to appoint a general administrator until such order or removal becomes final.

"It is true that pending the appeal from the order removing More he was only suspended from the office of administrator. But after the removal he ceased to be practically and in effect the administrator of the estate. He could exercise no powers and perform no duties as such. 'He was as completely separated from the business of the estate as if he had been dead.' The appeal did not revive or in any way restore his powers. 'The effect of an appeal from an order setting aside a judgment is not to revive the judgment. The judgment no longer exists, so far as the assertion of any rights under it is concerned, until it shall be brought into force again by a reversal of the order setting it aside. . . . . The code does not provide that an order appealed from shall cease to exist—be annulled—but that it cannot be further enforced by a proceeding upon it. Here the revocation of probate and the surcease of appellant's functions as executor become complete *eo instanti* the order of revocation was entered.' (*Estate of Crozier;* 65 Cal. 332.)

"We conclude, therefore, in view of the well-settled rules of law, that after More was removed from his office as administrator no judgment could properly be entered against him as such administrator, and that there was no error in setting the judgment in question aside."

For the reasons above given the order appealed from in this appeal, No. 1104, is affirmed.