[Sac. No. 1039.    Department One.—March 9, 1904.]

In the Matter of the Guardianship of the Person of DENZIL MANILA VAN LOAN, a Minor. C. VAN LOAN, Appellant, v. MABEL E. VAN LOAN, and RACHEL A. VAN LOAN, Respondents.

GUARDIAN AND WARD—REMOVAL OF GUARDIAN—EFFECT OF APPEAL—PETITION FOR LETTERS PENDING APPEAL—DISMISSAL.—Where a guardian of the person of a minor child has been removed, and an appeal has been taken from the order of removal, the effect of the appeal is to stay proceedings in the matter of the appointment of a general guardian of the person of the minor until the determination of the appeal; and a petition for letters of general guardianship of the person of the minor to another pending the appeal was properly dismissed.

APPEAL from an order of the Superior Court of Tulare County dismissing a petition for letters of guardianship. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Maurice E. Power, for Appellant.

Alfred E. Daggett, for Mabel E. Van Loan, Respondent.

Bradley & Farnsworth, for Rachel A. Van Loan, Respondent.

ANGELLOTTI, J.—This is an appeal by C. Van Loan, the paternal grandfather of Denzil Manila Van Loan, a minor, from an order made by the superior court of Tulare County denying his petition for letters of guardianship of the person of said minor, and dismissing his petition and the proceedings thereunder.

The minor is the same one referred to in the proceeding entitled, "In the Matter of the Guardianship of the Person of Denzil Manila Van Loan, a minor, Sac. No. 1040," *ante,* p. 423, this day decided.

As appears from the opinion in that matter and from the record on this appeal, letters of guardianship of the person of said minor had been issued by said court to Rachel A. Van Loan, the wife of this appellant, and on November 19, 1901, an order was made on the motion of the mother of the minor vacating the order appointing said Rachel A. Van Loan as such guardian, and the letters issued thereunder, and dismissing the proceedings. Rachel A. Van Loan thereupon duly perfected an appeal from said order to this court, which appeal has been this day decided (*ante,* p. 423). Subsequent to the perfecting of such appeal, petitioner presented and filed his petition for letters of guardianship of the person of said minor. The mother of the minor filed her opposition to the petition of appellant, and denied the allegations thereof as to the necessity for the appointment of a guardian, and alleged the proceedings taken by her to obtain the revocation of the letters issued to Rachel A. Van Loan.

The foregoing facts having been made to appear to the superior court on the hearing of appellant's petition, the

court declined to hear any further evidence in the premises or in support of the allegations of the petition, and thereupon made the order appealed from. It was stated in the order that the court was of the opinion that by reason of the appeal of the former guardian the court had not jurisdiction to hear and determine the matters presented by the petition of appellant, and the order was made for that reason. Appellant excepted to the refusal of the court to hear evidence and to the order.

The petition of appellant contained no allegation showing the necessity for the appointment of a guardian of the person of said minor, except the general allegation that she needed the care and attention of some fit and proper person, that it was necessary and convenient that a guardian should be appointed, and that the mother of the minor was not a fit and proper person to have the care and custody of the minor, for the reason that she was an immoral woman, and that she could not provide the minor with a proper or suitable home, or proper mental, moral, or intellectual training.

It further alleged that the said minor was then, and for more than one year last past had been, in the care and custody of the petitioner and his wife, Rachel A. Van Loan, the guardian theretofore appointed, residing with them.

We are unable to see how it could have been supposed that this appeal would subserve any useful purpose, or involve at the end anything more than the determination of a mere abstract question not affecting the substantial rights of any of the parties.

Appellant's only contention now is, that it was the duty of the court below to hear the evidence and to appoint some one to care for the minor during the pendency of the appeal by the former guardian, or to postpone the hearing of his petition until the disposition of said appeal, and dispose of the question as to the care of the minor in the mean time. It was of course evident that the appeal of the former guardian would be disposed of as soon as, if not before, the determination of this appeal, and that by the determination of that appeal all questions as to the care and custody of the minor *pending such appeal* would be rendered immaterial. That those questions are now immaterial is certainly apparent. The letters of the former guardian having been finally vacated, the supe-

rior court will entertain any petition for letters of guardianship that may now be filed, and will make such orders thereon as the rights of the parties and the welfare of the child may demand.

Disregarding, however, the question as to whether the appeal should not be dismissed, we are of the opinion that the superior court did not err in refusing to entertain appellant's petition for letters of guardianship. It is probably true that where an order is made vacating letters of guardianship, an appeal from such order does not revive the letters and restore the powers of the guardian. The rule in regard to administrators is, that pending an appeal by an administrator from an order removing him, he stands suspended from his office, without any of the powers thereof, until by a reversal of the order the original order of appointment is brought into force again (*More* v. *More*, 127 Cal. 460, 463, and the cases there cited), and we do not perceive any reason why the same rule does not apply to guardians appointed by a court. The court may not, however, pending the administrator's appeal from the order of removal, appoint a general administrator to succeed him. It was held in *In re Moore*, 86 Cal. 72, that "it was within the power of the court to appoint a special administrator to act during the period of suspension, but not to appoint a general administrator until such order of removal became final." The question as to who shall be the general administrator of the estate is involved in the appeal, and proceedings thereon are stayed by such an appeal.

The same is undoubtedly true as to the general guardianship of the person or estate of a minor. Where a general guardian has been appointed, and subsequently removed by an order from which he appeals, the effect of his appeal under our statute is to stay further proceedings in the matter of the appointment of a general guardian to succeed him until the determination of his appeal.

But it is urged that the court should have the power to provide for the care and custody of the minor during the pendency of such appeal, while the powers of the removed guardian are suspended, and that it is therefore necessary, in such a case, that a guardian should be appointed for that period at least. As under our statute an appeal could be taken from the order appointing such a guardian, which ap-

peal would have the effect of staying all proceedings thereon, it will be readily seen that the object desired—viz., provision for the care and custody of the minor pending the appeal— would not be attained thereby.

In the matter of the estates of deceased persons our law provides for the appointment of a special administrator with limited powers to take charge of the estate in certain cases, such as where there is delay in granting general letters or where an executor or administrator is suspended or removed. No appeal is allowed from an order making such an appointment, and the powers of the person appointed cease upon the granting of general letters. (Code Civ. Proc., secs. 1411, 1413, 1416.)

We find no provision in the sections relating to guardianship proceedings, as they existed at the time of the hearing on appellant's petition, that is at all analogous to the provisions above referred to relating to special administrators of estates.

We, however, deem the question as to whether the court having jurisdiction of the guardianship proceedings could make any order relative to the care and custody of the minor pending the former guardian's appeal immaterial on. this appeal.

Appellant's petition was simply a petition for general letters of guardianship of the person of the minor. No reference was made therein to. the fact that there had been a guardian, or that her letters had been vacated, or that an appeal had been taken, and the record does not indicate that any application was made to the superior court for any order other than an order appointing appellant the guardian of said minor. The superior court properly refused to enter-tain such an application.

The order is affirmed.

Shaw, J., and Van Dyke, J., concurred.
CXLII. Cal.—28