[Civ. No. 748.    Third Appellate District.—November 9, 1910.]

In the Matter of the Estate of EDWIN CHADBOURNE, Deceased. DENNIE MAY CHADBOURNE and J. W. WARBOYS, Respondents, v. F. A. CHADBOURNE, JOSEPH R. CHADBOURNE, and GRANT CHADBOURNE, Appellants.

ESTATES OF DECEASED PERSONS—REMOVAL OF EXECUTORS — EFFECT OF APPEAL—SUSPENSION FROM OFFICE.—Where a will has been proved and the executors have been removed for failure to publish notice to creditors within the required time, pending an appeal from the order removing them they are suspended from office, until the final determination of the appeal.

14 Cal. App.—31

ID.—JURISDICTION OF COURT PENDING APPEAL—APPOINTMENT OF SPECIAL ADMINISTRATOR — GENERAL ADMINISTRATION NOT PERMISSIBLE. — Pending such appeal the court may appoint a special administrator to collect and take charge of the estate, but has no jurisdiction to appoint a general administrator, until the order appealed from has become final.

ID.—APPOINTMENT OF ADMINISTRATOR WITH THE WILL ANNEXED—REVERSAL OF ORDER.—The court had no power, pending such appeal, to appoint an administrator with the will annexed on nomination of the widow, and such order must be reversed.

APPEAL from an order of the Superior Court of Solano County appointing an administrator with the will annexed. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

T. T. C. Gregory, for Appellants.

Paul C. Harlan, for Respondents.

CHIPMAN, P. J.—This is an appeal from an order appointing an administrator with the will annexed pending the appeal from an order revoking the appointment of the executors of said will.

On December 15, 1909, Dennie May Chadbourne, surviving wife of deceased, filed her petition in which it was alleged that F. A. Chadbourne and she, herself, had been duly appointed executors of the will of deceased; that her coexecutor had neglected for two months to give notice to creditors of the estate as had been ordered, and that she did not give notice "because she relied upon the assurance of said F. A. Chadbourne that the said notice had been given"; that, "subject to the revocation by the court of the letters testamentary issued as aforesaid to the said F. A. Chadbourne, petitioner is willing to, and will, upon such revocation being made, resign her aforesaid appointment as such executor."

She prayed that a day be appointed for the said F. A. Chadbourne "to show cause why his said appointment and letters as executor shall not be revoked"; and that until the hearing the powers of the said F. A. Chadbourne be suspended and "your petitioner be appointed special administrator of

said estate and upon the hearing petitioner be appointed administrator.''

The court found that F. A. Chadbourne caused directions to be given that notice to creditors should be published in the ''Solano County Courier,'' on the day the court ordered notice to be published, and that Dennie May Chadbourne believed such notice had been published, and did not know to the contrary until just before the filing of her petition; that ''no damage accrued to the estate by reason of the neglect to give notice to the creditors other than such as may arise from delay in the administration of the estate.'' On January 14, 1910, the court gave its judgment, which was filed January 20th, that the letters of said executors be revoked and appointing Mrs. Chadbourne special administrator. On January 14, 1910, respondent, J. W. Warboys, filed his petition for appointment as administrator of said estate as the nominee of Mrs. Chadbourne and on the 17th of January appellants, Joseph R. Chadbourne and Grant Chadbourne, brothers of deceased, filed their petition praying for letters of administration with the will annexed of said deceased, and on the same day filed their petition for appointment as special administrators pending the hearing of said petitions. On January 31st, F. A. Chadbourne, Joseph R. Chadbourne and Grant Chadbourne filed their opposition to the appointment of said Warboys and on the same day F. A. Chadbourne filed notice of appeal from the judgment entered January 20th, revoking his letters and appointing Dennie May Chadbourne special administrator. On January 31st the petition of Warboys for letters, the opposition thereto, and the petition of Joseph and Grant Chadbourne for letters came on for hearing and evidence, written and oral, was introduced. Among other things, the court found: That the authority of said executors, F. A. and Dennie M. Chadbourne, was, on January 14th, revoked; that on that day (there being no executor) said Warboys filed his petition for letters ''at the request and upon the appointment of the said Dennie May Chadbourne . . . and said request and appointment were duly and regularly filed herein on January 14, 1910''; that on January 17th Joseph and Grant Chadbourne, brothers of deceased, filed their petition for special letters and also for letters with the will annexed; that ''the said Dennie May Chadbourne and

said J. W. Warboys are competent to administer said estate,''
and that the said Dennie ''is competent to appoint, designate,
and nominate any other person to administer the said estate
in her stead; but said Dennie May Chadbourne is not entitled
to the appointment as administrator with the will annexed in
said estate''; that said Dennie and said F. A. Chadbourne
''were removed and their power and authority revoked, as
said executors, solely for the reason of their neglect to give
notice to creditors for more than two months after their ap-
pointment as such executors; that there will be no delay in
granting letters of administration with the will annexed to
said estate; that the making of the order therefore will not
be likely to be protracted; and that said estate will not suffer
either loss or damage for the want of some person with au-
thority to take charge of and care for it under special letters
of administration; that said J. W. Warboys is entitled to let-
ters of administration with the will annexed herein; and that
neither the said Grant Chadbourne nor the said Joseph R.
Chadbourne is entitled to either letters of administration with
the will annexed or special letters of administration herein.''
Judgment was accordingly made bearing date February 2,
1910, and filed February 8, 1910, from which the Chadbournes,
on March 4, 1910, duly gave notice of appeal.

. Appellant's principal point is that, pending the appeal of
F. A. Chadbourne from the order removing him as executor,
he was suspended from office, and, while it was within the
power of the court to appoint a special administrator to act
during such suspension, the court had no power to appoint an
administrator with the will annexed until such order of re-
moval became final. Reliance is placed upon section 1411 of
the Code of Civil Procedure, which provides as follows:
''When . . . an executor or administrator . . . is suspended
or removed, the superior court, or a judge thereof, must ap-
point a special administrator to collect and take charge of the
·estate . . . and to exercise such powers as may be necessary
for the preservation of the estate, or he may direct the public
administrator to take charge of the estate.''

Section 1426 of the same code reads: ''If all the executors
or administrators die, or become incapable, or the power and
authority of all of them is revoked, the court must issue let-
ters of administration, with the will annexed or otherwise, to

the widow or next of kin, or others, in the same order and manner as is directed in relation to original letters of administration. . . ."

The court had the power, under section 1411, to appoint a special administrator to take charge of the estate (*Estate of Crozier*, 65 Cal. 332, [4 Pac. 109]), and it also had the power under section 1426, to proceed to the hearing of a petition for the appointment of an administrator with the will annexed. The appointment of a special administrator is not intended to bring about a general administration of the estate; his powers are limited by the section, and, while they may, by order of the court, be made to embrace duties not strictly within the letter of the statute under the pressure of necessity made to appear, the appointment should not continue longer than is reasonably necessary to secure the appointment of an administrator who would have all the powers given executors. We do not doubt the power of the court to proceed under section 1426 (*In re Pina*, 112 Cal. 14, [44 Pac. 332]; *Estate of Strong*, 119 Cal. 663, [51 Pac. 1073]), unless, as is contended, the appeal from its order removing the executors stayed all proceedings to appoint a general administrator.

In *Re Moore*, 86 Cal. 72, [24 Pac. 846], the precise question was before the court, and it said: "Pending the appeal of Thomas W. Moore from the order removing him, he was suspended from office, and it was within the power of the court to appoint a special administrator to act during the period of suspension, but not to appoint a general administrator until such order or removal became final." This case is cited in *Moore* v. *Moore*, 127 Cal. 460, 463, [59 Pac. 823, 824], and in *Guardianship of Van Loan*, 142 Cal. 429, [76 Pac. 39]. The proposition decided in 86 California, *supra*, was approved and applied to the case of the removal of a guardian in the Van Loan case. Mr. Justice Angellotti gives what appears to be the reason for the rule, namely, that "the question as to who shall be the general administrator of the estate is involved in the appeal, and proceedings thereon are stayed by such appeal."

The notice of the appeal from the judgment removing the executors was filed January 31, 1910, and although the petition for the appointment of Warboys was heard on that day,

the order appointing him was not made until February 2d, following. Respondents' claim that the appointment was made prior to the appeal is not borne out by the record.

A question is raised as to the sufficiency of the nomination of Warboys by Mrs. Chadbourne and also as to whether she was entitled to make a nomination. It is not necessary to decide the point, inasmuch as we must hold, in view of the decisions above cited, that the court was without authority to appoint a general administrator.

The record does not disclose the outcome of Mrs. Chadbourne's appointment as special administrator by the same order which revoked her letters as executor. Just how it came about that the court removed her as executor for cause and yet appointed her by the same order to take charge of the estate does not appear. Nor does it appear whether she gave the bond required and qualified. It would rather be inferred from the record that the court and counsel treated that part of the order as a nullity. Indeed, section 1511 of the Code of Civil Procedure requires the court, upon the neglect of an executor for two months after his appointment to give notice to creditors, to revoke his letters and "appoint *some other person* in his stead." However, this feature of the proceedings does not affect the main question.

In the judgment appointing J. W. Warboys administrator the court denied the petition of Joseph R. and Grant Chadbourne to be appointed special administrators and also administrators with the will annexed. The appeal is from the whole of the judgment. The denial of the petition of the Chadbourne brothers doubtless was because, in the opinion of the court, Mrs. Chadbourne as widow had the superior right to administer or to nominate a person in her stead. As the appointment of her nominee was without authority, it seems to us that the question of appointing a special administrator pending the appeal from the judgment revoking the letters of the executors should go back unembarrassed by any proceedings now here on this appeal.

The judgment dated February 2, 1910, and filed February 8, 1910, is reversed, with directions to the court to take such further proceedings in the matter as it may be advised.

Hart, J., and Burnett, J., concurred.