[No. B029452. Second Dist., Div. Five. June 9, 1988.]

REX CONRAD, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
BENTON E. ALLEN et al., Real Parties in Interest.

COUNSEL

Arthur J. Jaffee for Petitioner.

No appearance for Respondent.

Allard, Shelton & O'Connor and Gary Wunderlin for Real Parties in Interest.

OPINION

BOREN, J.—Petitioner successfully moved to have a default judgment against him set aside. Real parties appealed that ruling. Petitioner moved the respondent court to have returned to him certain property which was the subject of the judgment. The respondent court denied the motion, stating that it had no jurisdiction over the matter because real parties had filed a notice of appeal. In our opinion filed September 25, 1987, we held that the court had jurisdiction to entertain the motion, and suggested that it would be appropriate for the court to set bond in this case.

The Supreme Court granted real parties' petition for review and transferred the case to us for reconsideration in light of *Bulmash* v. *Davis* (1979) 24 Cal.3d 691, 697 [157 Cal.Rptr. 66, 597 P.2d 469], and *Estate of Crozier*

(1884) 65 Cal. 332, 333 [4 P. 109]. We conclude that those cases compel a modification of our opinion but no change in our ruling.

FACTS

Benton and Marjorie Allen, both psychologists, owned the Pomona Valley Psychological Center (the Center). They sold the Center to petitioner Dr. Rex Conrad pursuant to an agreement which provided, among other things, that the Allens could continue to treat their patients at the Center.

Matters soon deteriorated to the point where Dr. Conrad accused the Allens of stealing his patients and the Allens accused Dr. Conrad of not paying them fees that were owed and making disparaging remarks about them, informing their patients that they were "no longer in practice and their whereabouts were unknown." Dr. Conrad sought an injunction to prevent the Allens from attempting to lure patients from the Center, and the Allens responded with a cross-complaint seeking rescission of the agreement and damages based upon breach of contract, conspiracy to interfere with business, slander, fraud, conversion and breach of trust. The Allens also sought an injunction and an accounting.

The Allens obtained a default judgment on their cross-complaint because, according to them, Dr. Conrad failed to prosecute the action or respond to discovery. Dr. Conrad moved successfully to have the default judgment set aside on the grounds that he had been "abandoned" by his attorney.

The Allens have appealed the order setting aside the default judgment. It is the Allens' position that the notice of appeal stayed enforcement of the order and therefore the judgment is still in effect. Dr. Conrad contends that the order setting aside the default judgment is not stayed pending appeal, and that it returned the litigation to its status before the Allens obtained the default judgment.

The "Judgment of Restitution" obtained by the Allens permitted them to once again assume ownership of the Center. (It also granted the Allens over $300,000 in damages, which they had commenced collecting at the time the judgment was set aside.) Although the Allens returned certain of Dr. Conrad's patient files to him at the patients' requests, the Allens remain in possession of the Center and its books, records, bank accounts and other property.

After the respondent court entered its order setting aside the default judgment, Dr. Conrad filed a "Motion for Order to Compel the Delivery of Personal Property and for Sanctions." Dr. Conrad wanted the Center, and

the money collected by the Allens during the pendency of the judgment, returned to him. The respondent court denied the motion, stating that it had no jurisdiction to consider the matter because a notice of appeal had been filed by the Allens. This petition followed.

### DISCUSSION

■ The Allens contend that the perfecting of their appeal in effect reinstated the default judgment, upon which they are now free to execute. This contention is without merit. "It is true that a judgment is reinstated when an appeal is taken from the order vacating it, but only for certain limited purposes, e.g., the party against whom the judgment was entered may cross-appeal from the judgment when his opponent appeals from the vacating order. [Citation] The judgment remains alive for these limited purposes alone and is not enforceable during the appeal period; the judgment no longer exists 'so far as the assertion of any rights under it is concerned.'" (*Bulmash* v. *Davis* (1979) 24 Cal.3d 691, 697 [157 Cal.Rptr. 66, 597 P.2d 469], quoting *Estate of Crozier* (1884) 54 Cal.332, 333 [4 P. 109].)

The Allens may, at their peril, continue to enjoy the fruits of the default judgment which the respondent court set aside. To do so, however, the Allens must post a bond in an amount sufficient to protect Dr. Conrad should this court determine that the appeal is not well taken. The respondent court may set the amount of the bond. (Code Civ. Proc., § 917.9.) If the bond is not posted, the order setting aside the default judgment is not stayed. (Code Civ. Proc., § 918; *Miller* v. *Gross* (1975) 48 Cal.App.3d 608 [121 Cal.Rptr. 875].)

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of July 10, 1987, denying petitioner's "Motion to Compel the Delivery of Personal Property and for Sanctions," and to set the motion for rehearing in accordance with the views expressed in this opinion.

Ashby, Acting P. J., and Hastings, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.