Filed 3/20/14  Estate of Young CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| Estate of IRMA E. YOUNG, Deceased. | |
| | D062420, D062605, D063234 |
| CHARLES PARKER, | |
|     Petitioner and Appellant, | (Super. Ct. No. P177721) |
| v. | |
| STEPHEN PARKER, | |
|     Objector and Respondent. | |

CONSOLIDATED APPEALS from orders of the Superior Court of San Diego County, Julia C. Kelety, Judge.  Affirmed, motion to augment denied.

Charles D. Parker, in propria persona, for Appellant.

Norman Michael Cooley for Respondent.

These three appeals by petitioner and appellant Charles D. Parker (Charles or Appellant), arise from a related set of five probate court orders issued in 2012, in proceedings on various petitions filed by different parties, including Charles, during the administration of the estate of his mother Irma E. Young.  Young, who died in 2000, was

the mother of three other children and heirs, including respondent Stephen Parker, the court-appointed special administrator and personal representative of her estate (Respondent), as well as its executor and trustee of her trust. (Prob. Code, § 8000 et seq. [petition for probate]; § 8540 et seq. [special administrator appointment]; all further statutory references are to the Probate Code unless noted.)

The probate court orders challenged by Appellant include (A) a denial of Appellant's fourth petition to remove Respondent as the personal representative of Young's estate (Estate), (B) the approval, over Appellant's objections, of Respondent's request to cancel liens filed by Appellant against the Estate and its beneficiaries' property, (C) approval of Respondent's first amended accounting; (D) the grant of Respondent's motion for designation of Appellant as a vexatious litigant (Code Civ. Proc., § 391 et seq.); and (E) approval of Respondent's second and final report and petition.

All the challenges brought by Appellant are based on the same premise: that the initial appointment on August 8, 2000 of Respondent as a special administrator, done on an ex parte basis pursuant to section 8541,[1] was procedurally improper and led to invalidity of all subsequent court orders, due to a supposed lack of any probate jurisdiction due to a failure to give initial adequate notice to all heirs through publication. (§§ 8005, subd. (b); 8006 [provisions dealing with the commencement of estate administration hearings].)

---

[1]    Section 8541, subdivision (a) provides that an appointment of a special administrator "may be made at any time without notice or on such notice to interested persons as the court deems reasonable."

2

Based on his interpretation of the record, Appellant further claims (a) the will could not have been validly admitted to probate pursuant to section 8200, and (b) the Probate Court must have abused its discretion or erred in issuing the subject orders. For example, to attack the approval of Respondent's second and final accounting and report, Appellant confusingly frames the issue presented as follows:

> "Whether or not the judge abused her discretion by initiating the issue that the Will was admitted to probate on 11-5-2002, with no affidavit of publication filed by [Respondent and his attorney] is shown by approving all documents submitted by [Respondent and his attorney] from 8-26-2011 to present."

An appellant has the obligation to present substantive arguments on appeal that are based on applicable authorities and citations to the record, and to attempt to show the challenged orders lack some adequate factual, legal, or jurisdictional basis. (See, e.g., *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245-1247.) Contrary to that obligation, Appellant has not shown any intelligible reasons for setting aside any of the subject orders, which are well supported by the record, and they are affirmed.

I

*BACKGROUND AND INTRODUCTION TO RECORD*

These will and trust proceedings have an extremely complicated history, but it is not necessary to outline its details in addressing the subject issues on appeal. (But see *In re Estate of Young* (2008) 160 Cal.App.4th 62 (*Young*), our prior opinion describing the 2000-2005 probate proceedings on Respondent's petition under section 850, requesting orders to establish the Estate's ownership of disputed real properties and personal property that were held by land trusts and business trusts; held, the Estate was the

3

prevailing party, because it showed sufficient evidence of undue influence and fraud by Charles and others in the establishment of the trusts.)

To address the validity of the current orders on appeal, it is necessary to outline the sequence of probate appointments as reflected in this extensive record. We do so, however, only to the extent that Appellant has legitimately raised colorable arguments on appeal. His notices of appeal were filed on August 3, 2012, September 11, 2012, and January 3, 2013, and the record was designated as covering those orders. Due to the nature of his appellate arguments that sought to go back to 2000, the beginning of the administration of the Estate, both parties began an extensive series of opposed and unopposed motions for augmentation of each record on appeal, and rulings have been issued.[2] We deny Appellant's sole remaining request filed on August 16, 2013, to further augment the record on appeal in the lead case, D062420, as it is duplicative and unnecessary.

In an order of September 12, 2012, we consolidated these three matters, and oral argument has been waived. In considering the merits of the appeal, we apply accepted standards of review. An appellant has the burden to provide an adequate record and affirmatively to show reversible error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) All intendments and presumptions are made to support the judgment on matters as to which the record is silent. (*Denham, supra*, at p. 564.)

---

[2] In June 2013, Respondent's appointment as executor of the Estate was extended for a year, to enable responses to the appeals to be filed.

4

An appellant's opening brief must " 'provide a summary of the significant facts limited to matters in the record.' " (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th 1229, 1246; Cal. Rules of Court, rule 8.204(a)(l)(B).)  For any appellant to show error, "[a]ppellate briefs must provide argument and legal authority for the positions taken.  'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)  "We are not bound to develop appellants' argument for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; see also *Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 366, fn. 2.)

It is well established that "[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)  An appellate court is not required, on its own motion, to develop arguments for an appellant. (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.)  If the judgment or order is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.)

## II

### *JURISDICTION ARGUMENTS AND RELATED CONTENTIONS*

Appellant chiefly relies on the concepts explained in *Estate of Buckley* (1982) 132 Cal.App.3d 434, that disregard of certain types of statutory probate procedures may render a judgment "void and subject to collateral attack." (*Id.* at p. 446.) The crucial issue is whether the type of such statutory procedures used, if they disregarded certain requirements such as publication, prevent the probate court from asserting any jurisdiction in the "fundamental" sense, to exercise its authority over the subject matter and the parties. (*Ibid.*)

In this case, the method allowed by section 8541, subdivision (a) for appointment of a special administrator by the probate court was initially used, based on evident uncertainties at the time about whether Young had died without a will. This section allows the court to appoint a special administrator "at any time without notice or on such notice to interested persons as the court deems reasonable." Under section 8540, subdivision (a), "If the circumstances of the estate require the immediate appointment of a personal representative, the court may appoint a special administrator to exercise any powers that may be appropriate under the circumstances for the preservation of the estate. [¶] (b) The appointment may be for a specified term, to perform particular acts, or on any other terms specified in the court order."

Appellant contends that since other standard methods of estate administration require publication according to statutory rules, the initial appointment was void and the will was never properly admitted to probate. (§ 8000 et seq. [covering the appointment

6

of a personal representative].)  Likewise, he argues there must have been judicial misconduct or a reversible abuse of discretion, based on the same assertion that the probate court never initially obtained jurisdiction over the Estate and the parties.

III

*FACTS OF APPOINTMENTS AND RELATED PROCEEDINGS*

A.  Events of 2000-2002

Respondent applied on an ex parte basis for the August 8, 2000 special administrator appointment, stating that Young had died intestate.  The supporting affidavits by Respondent's brother Thomas and sister Karen stated that they did not know whether Young had a will when she died.  The petition was granted and letters were issued.

The order appointing Respondent special administrator, dated August 8, 2000, was followed up with Respondent's petition to administer the Estate, as an appointed personal representative, filed August 29, 2000 with a hearing date of September 5, 2000.  The augmented record includes the September 2000 affidavits of publication of the notice of hearing on the petition.  The October 3, 2000 order granting the petition and appointing Respondent as personal representative and Estate administrator (intestate) contains a finding that all notices required by law had been given.  (§§ 8005, 8400.)[3]

---

3      The statutory scheme provides that after a death, any interested person may petition the court under section 8000, subdivision (a), for appointment of a personal representative for the decedent, and/or for probate of the decedent's will.  Section 8005, subdivision (b)(1) prescribes the issues to be resolved at the hearing on such a petition, including proof of the jurisdictional facts.  Section 8006 provides for a court order

By May 2001, Young's will dated November 25, 1991 had been located and produced to the parties. According to the record and our prior opinion, Appellant previously had custody of it and then produced it to Respondent. (*Young, supra*, 160 Cal.App.4th at p. 72.) Respondent filed a petition to probate the will and for letters testamentary.

In October 2002, Appellant withdrew his previous objections to the appointment of Respondent as executor of the Estate, and consented to the appointment. The minute order dated November 5, 2002 states that the petition for probate of the will and for the executor's letters testamentary was approved. That minute order of November 5, 2002 shows that Appellant had appeared at the hearing.

### B. 2005-2011 Trial and Appeal; Further Proceedings

Extensive trial proceedings were conducted on the trust issues in 2005 through 2006. That matter was appealed, resulting in our prior opinion in 2008. Once the remand was received in 2009, further probate proceedings were held to determine the value of the recovered property, resulting in a 2009 judgment of $5,152,000 against Appellant in favor of the Estate.

Following the trust issues' resolution, the parties' attention then seems to have returned to the will's administration. The augmented record next shows that Young's original will was apparently not formally deposited with superior court until July 2011, at

admitting the decedent's will to probate (under § 8200 et seq.), and for appointing a personal representative in the normal course (under § 8400 et seq.). The required service and publication regarding the notice of hearing for appointing a personal representative are covered by sections 8110 et seq. and 8120 et seq., respectively.

8

the time that Respondent was seeking to set a probate court hearing in August 2011, based on his petition for probate as originally filed in 2001. According to Respondent, the original will had been originally received by the superior court on April 25, 2001, but it was lost and not found until July 2011, in a court file referred to as "will limbo." In an augmented record portion supplied by Respondent, he submits a copy of the will with a "Court stamp and signature of a Probate Examiner, showing that the Will was 'Admitted to Probate' on November 5, 2002."

At those ex parte proceedings August 26, 2011, the probate court relied on the November 5, 2002 minute order as showing that the record supported a finding that the petition for probate of the will was currently ready for further proceedings, based upon the filings and publication already made.

Renewed letters testamentary appointing Respondent as executor were filed September 8, 2011, and the accompanying order for probate recited that the underlying hearing, granting authority to administer the Estate occurred November 5, 2002.

C. 2012 Orders: Lien Petition, Interim Accounting, No Removal

Meanwhile, other related matters were being litigated in other courtrooms concerning entitlement to real property as between Appellant, Respondent, the Estate, and/or other beneficiaries. Based on those results, Respondent filed his motion for an order cancelling liens and quieting title to Estate real property, a determination that Appellant had committed slander of title, and injunctive relief. Lodged exhibits from that hearing have been provided by Respondent.

9

At the hearing of May 8, 2012, Appellant appeared and objected. The probate court's minute and May 16, 2012 orders granting the motion cancelled approximately 10 million dollars in liens wrongfully filed by Appellant and others against Estate property and certain other property of other beneficiaries of the Estate. Appellant and others were enjoined from filing any further such liens. However, no orders were made on the slander of title claim, as it had not been properly presented in a separate action.

On March 23, 2012, Respondent's first amended accounting of Estate expenses was approved. Appellant brought a petition objecting to the approval of that interim accounting. He sought reconsideration of the previous approval order, and it was considered at a hearing on May 8, 2012, when the court denied his requests, both as to reconsideration and on the merits of his objections.

For at least the fourth time, Appellant requested that Respondent be removed as the "De-Facto Personal Representative." On June 5, 2012, the court heard that petition and denied it with prejudice, as unmeritorious.

### D. Vexatious Litigant Motion; Final Report

On July 31, 2012, the probate court considered Respondent's motion to declare Appellant to be a vexatious litigant under the definitions and procedures of Code of Civil Procedure section §391 et seq. Specifically, Respondent argued that Appellant had attempted to relitigate numerous final determinations and had repeatedly filed unmeritorious motions or pursued frivolous tactics. (Code Civ. Proc., § 391, subd. (b)(2), (3).)

10

In reply, Appellant continued to argue that from the outset in 2000, Respondent had failed to notice the heirs of any appropriate hearing to petition the court to probate the will, that Respondent should be removed, and therefore, the vexatious litigant petition could not be valid. The motion was granted and the court issued an order that Appellant furnish security prior to filing any additional petition seeking removal of Respondent as personal representative of the Estate. Also, a prefiling order was imposed to prevent Appellant from filing any new litigation in propria persona, without obtaining leave of the presiding judge.

Respondent submitted an "Executor's Second and Final Report and Petition for Accounting," seeking approval of the accounting and final distribution. For both Respondent and his attorney, awards of fees were requested for ordinary and extraordinary services. Over the objections of Appellant, the Court approved Respondent's final report on December 7, 2012.

IV

*ANALYSIS*

Despite his general jurisdictional claims, Appellant has made no clear arguments or showing in the record why the special administrator method for estate proceedings under section 8540 was inappropriately used under the circumstances of this Estate. (See *Young, supra,* 160 Cal.App.4th at p. 72 [immediately after Young's death, Appellant and Respondent were disputing possession of Young's estate planning documents].)

We acknowledge that the appointment of a special administrator is not intended to bring about a general administration of the Estate, such an administrator's powers are

11

limited, and they should not continue longer than is reasonably necessary to secure the appointment of an administrator. (*In re Estate of Chadbourne* (1910) 14 Cal.App. 481, 485.) However, this record shows that after the ex parte appointment of Respondent as special administrator was completed, further notice and publication occurred, and Respondent was appointed personal representative as well. Pursuant to section 8124, the probate court heard the petition for administration of the Estate, having received an affidavit showing due publication of the notices of hearing. Appellant has not showed why the procedures of section 8120 were inadequate, as followed here.

In his reply brief, Charles seems to argue he had produced requested documents in 2000, such as the 1991 will and trust, but Respondent did not timely process them as required by section 8200. It is well settled that " ' "points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before. . . ." ' " (*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10.)

In any event, the November 5, 2002 approval of the petition to administer the Estate is also in the record. The probate court later relied on that order in ex parte proceedings August 26, 2011 and reissued the letters testamentary, upon Respondent's request for a hearing date to pursue the petition for probate (as it had been originally filed in April 2001). That procedure was not unauthorized or unreasonable in light of the entire record.

Instead of describing how each of the subject orders on appeal was erroneous in some manner, Appellant reargues his jurisdictional theme. He has made no effort in his

12

briefs to demonstrate in any meaningful way why the interim or final accountings and reports and approvals were deficient. Likewise, he has not addressed any substantive basis why the liens were incorrectly removed, or why the probate court should have been obligated to remove Respondent as personal representative. Each of the appointments and orders was procedurally justified and supported.

Therefore, Appellant's reliance on the concepts set forth in *Estate of Buckley, supra*, 132 Cal.App.3d 434, is inapposite. In the present case, the probate court obtained fundamental jurisdiction over the Estate and the parties in 2000, and thus the current orders "may not be collaterally attacked, despite [any] violation of a statute not relating to fundamental jurisdiction." (*Id.* at p. 446.) Appellant has shown no jurisdictional defects appearing on the face of the orders that would subject the special administration, personal representative or executor appointments to collateral attack. (*Id.* at pp. 449-450.)

Although it is well established that subject matter jurisdiction (as distinct from jurisdiction over the parties) cannot be conferred by consent or waiver or estoppel, that rule has no relevance here. (*In re Marriage of Ben-Yehoshua* (1979) 91 Cal.App.3d 259, 263.) To conclude that these appointments comported with statutory standards, we need not rely on any concept that Appellant had actual notice of the initial special administration appointment. (See *Estate of Buckley, supra*, 132 Cal.App.3d 434, 453 ["The quality of the notice is not at issue, rather, it is the court's ability to make any order whatsoever absent compliance with the statutory requirements."].)

Subject to the usual burdens imposed upon an appellant, his appeal of the vexatious litigant ruling is reviewable for substantial evidence support. (*Golin v. Allenby*

13

(2010) 190 Cal.App.4th 616, 635-636 [order reviewed in conjunction with appeal from an otherwise appealable judgment or order].)

Under Code of Civil Procedure section 391, subdivision (b)(2), "vexatious litigant" definitions include a person who, "[a]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined."

Next, Code of Civil Procedure section 391, subdivision (b)(3) defines a "vexatious litigant" as a person who, while acting in propria persona in any litigation, "repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Appellant has pointed to nothing in the motion and supporting or opposing materials that would undermine the probate court's ruling that Appellant qualifies as a vexatious litigant.

Finally, to the extent Appellant seems to be arguing there was judicial misconduct or a reversible abuse of discretion, he has not brought forward anything in the record to show he made any objections to preserve those grounds for appeal, nor that they would have had any merit.

14

DISPOSITION

The orders are affirmed.  Costs on appeal are awarded to Respondent.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

15